IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARVIN DIXON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-95 (CDL) |
| | * | 42 U.S.C. § 1983 |
| | * | |
| JUDGE JOHN D. ALLEN, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

On August 11, 2006, Plaintiff filed a Motion for Preliminary Injunction and a brief in support thereof. Plaintiff claims that he is entitled to a preliminary injunction ordering Muscogee County Superior Court Judge John D. Allen to forward the transcript and record from an evidentiary hearing regarding his conviction and sentence to the Georgia Court of Appeals.

In *Black's Law Dictionary* a preliminary injunction is defined as:

> A temporary injunction issued before or during a trial to prevent an irreparable injury from occurring before the court has a chance to decide the case. *Black's Law* 800 (8th ed. 2004).

In this circuit there is a four-factor test for granting a preliminary injunction.

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

> *Gangloff v. Poccia*, 888 F. Supp. 1549, 1560 (1995) (citations omitted).

As previously stated, "a temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the *status quo* of the **parties**." *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834, 68 L.Ed.2d 175, 180 (1981); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982)(emphasis added). The most essential element of the definition of a preliminary injunction, however, requires that the entities be **parties** to a pending lawsuit. In this case, Judge Allen is not a party to any case, because no action is presently pending against him by this Plaintiff. There has been no complaint filed against Judge Allen, nor, as is required for all civil actions in this court, has any filing fee been paid. As such, pursuant to the facts alleged, this Court does not have jurisdiction to order an injunction against Judge Allen. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories*, 72 F.3d 842, 842-43 (11th Cir. 1995).

WHEREFORE, IT IS HEREBY RECOMMENDED that the Motion for Preliminary Injunction be DENIED and this case dismissed. Pursuant to 28 U.S.C.A. § 636(b)(1), written objections to this RECOMMENDATION may be served and filed with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 1st day of February, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw